769 S.E.2d 665

**In the Matter of Stephen Edward CARTER, Respondent.**

**Appellate Case Nos. 2015–000403 and –000404.**

Supreme Court of South Carolina.

March 3, 2015.

## ORDER

The Office of Disciplinary Counsel petitions this Court to place respondent on interim suspension pursuant to Rule

610

17(b), RLDE, Rule 413, SCACR, and/or transfer respondent to incapacity inactive status pursuant to Rule 28, RLDE, Rule 413, SCACR. The petition also seeks appointment of the Receiver to protect the interests of respondent's clients pursuant to Rule 31, RLDE, Rule 413, SCACR. Respondent consents to the petition.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of this Court.

IT IS FURTHER ORDERED that Peyre Thomas Lumpkin, Esquire, Receiver, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain. Mr. Lumpkin shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Lumpkin may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating account(s) of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that the Receiver, Peyre Thomas Lumpkin, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that the Receiver, Peyre Thomas Lumpkin, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Lumpkin's office.

Mr. Lumpkin's appointment shall be for a period of no longer than nine months unless an extension of the period of appointment is requested.

/s/Jean H. Toal, C.J.

FOR THE COURT