# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Robert W. Herlong, Respondent.

Appellate Case No. 2016-000547

Opinion No. 27634
Submitted April 18, 2016 – Filed May 11, 2016

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Barbara
M. Seymour, Deputy Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Robert W. Herlong, of Elgin, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of an admonition or public reprimand with conditions.  We accept
the Agreement and issue a public reprimand.  In addition, we impose the
conditions set forth in the conclusion of this opinion.  The facts, as set forth in the
Agreement, are as follows.

## Background

Respondent is seventy years old.  He has not actively represented clients for
approximately twenty years.

In August 2011, respondent changed his South Carolina Bar membership to
inactive status.  By order dated March 14, 2014, the Court placed respondent on

administrative suspension for failure to pay his annual license fees.  On August 6, 2015, the Court placed respondent on interim suspension as a result of his arrest for serious crimes and for failure to cooperate in the disciplinary investigation.  *In the Matter of Herlong*, 413 S.C. 232, 776 S.E.2d 86 (2015).

## **Facts and Law**

### Matter I

Respondent was arrested on misdemeanor charges on four occasions:  February 3, 2013, for shoplifting; September 23, 2013, for possession of cocaine and multiple driving offenses; October 13, 2013, for open container; and on May 24, 2015, for public disorderly conduct.  Following his arrest on June 26, 2013, respondent was indicted on May 5, 2014, for possession with intent to distribute crack cocaine, possession of cocaine, and contributing to the delinquency of a minor.  Respondent was incarcerated on June 23, 2015, for 120 days pursuant to a civil contempt order issued by the Fifth Judicial Circuit Family Court for failure to pay court-ordered spousal support.  Respondent was released in September 2015 and the felony charges were resolved with a sentence of time served.

Respondent acknowledges that his felony charges constitute serious crimes pursuant to Rule 1.0(o) of the Rules of Professional Conduct (RPC) contained in Rule 407, SCACR.[1]  He admits that, in committing those felonies, multiple misdemeanors, and traffic offenses, he violated the following Rules of Professional Conduct, Rule 407, SCACR:  Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as lawyer in other respects); and Rule 8.4(c) (it is professional misconduct for lawyer to commit criminal act involving moral turpitude).  In addition, respondent admits he failed to notify the Commission on Lawyer Conduct (the Commission) of his felony indictment as required by Rule 8.3(a),

---

[1] Rule 1.0(o) ("'serious crime' denotes any felony; any lesser crime that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; or, any crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, willful failure to file income tax returns, or an attempt, conspiracy or solicitation of another to commit a serious crime.").

RPC (lawyer who is arrested for or charged by way of indictment with serious crime shall inform Commission in writing within fifteen days of arrest or charge).

Respondent admits he is subject to discipline pursuant the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of crime of moral turpitude or serious crime); and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or to bring courts or legal profession into disrepute or conduct demonstrating unfitness to practice law).

## Matter II

On May 25, 2015, respondent received a telephone call from someone he met while attending drug court related to his own criminal charges. The caller told respondent that the child of a friend was in jail and asked if respondent would talk to the caller's friend. Respondent spoke with the caller's friend (the juvenile's father) and told him that he had not practiced law in twenty years, that his license was not current,[2] and that he had very little experience in criminal court. Respondent advised the father that he would attempt to contact the public defender on the juvenile's behalf. Respondent agreed to meet the juvenile and the family at the courthouse prior to the hearing. Respondent was unable to reach the public defender prior to the scheduled hearing. In a misguided attempt to help the juvenile and his family, respondent agreed to appear at the hearing.

On May 26, 2015, respondent appeared in the Ninth Judicial Circuit Family Court on behalf of the juvenile who had been charged with a serious crime. Respondent represented to the judge that his Bar status was inactive and he was "in the process of reactivating at this moment."[3] The judge allowed respondent to participate in

---

[2] As noted above, in August 2011, respondent changed his South Carolina Bar status to inactive and, by order dated March 14, 2014, the Court placed respondent on administrative suspension for failure to pay his annual license fees.

[3] Respondent understands that, even if his license was inactive and he was "in the process of reactivating," he would not have been eligible to practice law and should not have been permitted to proceed on behalf of the juvenile at the hearing.

the hearing. Respondent proceeded to cross-examine the state's witnesses and called the juvenile's parents to testify.[4]

Following the hearing, respondent advised the family that he could not assist them further and they needed to contact the public defender. The next day, respondent received a telephone call from the juvenile's father confirming a public defender was going to handle the case.

After the hearing, the judge and the solicitor learned that respondent's license to practice law was suspended. They both filed disciplinary complaints pursuant to Rule 8.3(b), RPC (lawyer who knows another lawyer has committed violation of Rules of Professional Conduct that raises substantial question as to lawyer's honesty, trustworthiness or fitness as lawyer in other respects shall inform appropriate professional authority).

Respondent's appearance in the juvenile's case was apparently reported to the drug court judge presiding over respondent's own pending criminal matters. He was discharged from the drug court program.

Respondent acknowledges that, regardless of the exigency of the circumstances, he was not authorized to appear in court, provide legal advice, or otherwise represent a client while his license was suspended. Respondent admits that by his conduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.3(a)(1) (lawyer shall not knowingly make false statement of fact to tribunal); Rule 5.5(a) (lawyer shall not practice law in jurisdiction in violation of regulation of legal profession in that jurisdiction); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent admits he is subject to discipline pursuant the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or bring courts or the legal profession into disrepute or conduct demonstrating unfitness to practice law); and Rule 7(a)(7) (it shall be ground for discipline for lawyer to willfully violate valid court order issued by court of this state).

---

[4] Respondent neither sought nor received payment for his legal services.

## Conclusion

According to the Agreement, respondent went through a difficult divorce in 2013. His subsequent alcohol and drug abuse resulted in the loss of his home in foreclosure, numerous attempts at in-patient rehabilitation and treatment, multiple arrests, and his participation in drug court. Respondent suffers from health issues, including heart and respiratory ailments.

The Agreement further provides that respondent is currently maintaining sobriety with the support of a Lawyers Helping Lawyers volunteer and daily 12-step program meetings. Respondent does not plan to return to the practice of law. The Court recognizes that, on January 27, 2016, at the request of ODC and with respondent's consent, the Court lifted respondent's interim suspension[5] and transferred him to incapacity inactive status. *In the Matter of Herlong*, 415 S.C. 274, 781 S.E.2d 913 (2016).

We find respondent's misconduct warrants a public reprimand. We hereby accept the Agreement and publicly reprimand respondent for his misconduct. Respondent shall enter into a two (2) year monitoring contract with Lawyers Helping Lawyers and shall file annual reports of his contract compliance with the Commission.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

---

[5] As noted above, the criminal charges against respondent were resolved.