799 S.E.2d 306

**In the MATTER OF John Michael BOSNAK, Respondent.**

**Appellate Case No. 2017-000606**
**Opinion No. 27713**
Supreme Court of South Carolina.
Submitted April 4, 2017
Filed April 19, 2017

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John Michael Bosnak, of Columbia, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed one (1) year. Respondent requests that any period of suspension be imposed retroactively to February 2, 2016, the date of his interim suspension from the practice of law. *In the Matter of Bosnak*, 415 S.C. 332, 782 S.E.2d 123 (2016). Respondent further agrees to pay the costs incurred in the investigation and prosecution of this matter within thirty (30) days of the imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School and Trust Account School within one (1) year of the imposition of discipline. We accept the Agreement and suspend respondent from the practice of law in this state for one (1) year, retroactive to the date of his interim suspension. In addition, we order respondent to pay the costs incurred in the investigation and prosecution of this matter and to complete the Legal Ethics and Practice Program Ethics School and Trust Account School as specified in

the conclusion of this opinion. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Respondent represented a client in a probate matter following the death of the client's son. The client was appointed as Personal Representative of the estate.

On November 26, 2008, respondent brought a wrongful death suit on behalf of the estate against a police department and other named parties in federal court. On April 23, 2010, the defendants in the lawsuit moved to dismiss the case for failure to prosecute. In July of 2010, the federal court dismissed the lawsuit for failure to prosecute stating that respondent did not respond to the motion to dismiss on behalf of the estate.

Respondent filed a motion to reconsider. In the order denying the motion, the federal court stated: "The case has been marked by numerous delays on the part of plaintiff's counsel, who failed to file documents in a timely fashion, failed to respond to any discovery requests except for providing the defendants with one document, failed to respond to the defendants' motion to compel discovery responses, failed to respond to the Court's order regarding that discovery, and failed to respond to the defendants' motion to dismiss."

The client hired an attorney (Complainant) to gather information about the dismissal of the case. The Complainant contacted the probate court and scheduled a status conference in the case for February 4, 2011. Respondent was served with notice of the status conference but failed to attend.

On February 8, 2011, the client, as Personal Representative, issued a subpoena to respondent for documents on February 16, 2011, and for his testimony on February 23, 2011. Respondent failed to comply with the subpoenaed requests for documents. On the morning of the scheduled deposition, respondent left a message at Complainant's office stating that he would not be attending the deposition because he was in trial in General Sessions Court.

Respondent was sent another subpoena for March 18, 2011. One minute prior to the deposition, respondent faxed a motion to quash the deposition as the client had not waived attorney-client privilege.[1]

In response to the motion to quash, the Personal Representative filed a motion to compel, sanction and hold respondent in contempt. The hearing was scheduled for June 1, 2011. Respondent failed to appear for the hearing.

On June 7, 2011, the court issued an order compelling respondent to attend his deposition. Respondent was given his choice of dates for the deposition. He was also ordered to contact Complainant and advise Complainant of his choice for deposition dates. Respondent failed to comply with the June 7, 2011 order.

On June 30, 2011, respondent faxed the probate court and advised the court that he could not comply with the court's June 7, 2011, order because he was scheduled for another trial in General Sessions Court. The court responded, giving respondent one last opportunity to comply with its order. The court directed respondent to contact Complainant immediately; respondent did not contact Complainant.

The probate court issued an order holding respondent in civil contempt. Respondent was given the opportunity to purge himself of contempt by paying the Personal Representative $5,651.48 in costs, providing the documents requested by the estate, and by appearing for his deposition.

Respondent hired counsel to represent him before the probate court. Eventually, respondent appeared for the deposition and the probate matter was settled.

On August 30, 2011, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), on October 4, 2011, again requesting respondent's response. Respondent failed to respond to the Notice of Investigation. Respondent did appear and give testimony before ODC on December 1, 2011.

---

1. Respondent subsequently received the requested waiver on or about March 25, 2011.

## Matter II

ODC received an April 8, 2015, notice from Wells Fargo Bank indicating an overdrawn check on respondent's trust account. The check represented payment to a client and resulted in respondent's trust account being overdrawn by $43.09. Respondent deposited $80 in personal funds to cover the overdrawn check. Respondent represents the non-sufficient funds notice resulted from bank error drafting fees for a check re-order from his IOLTA trust account.

On April 15, 2015, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on May 14, 2015, again requesting his response. Respondent failed to respond to the Notice of Investigation in spite of the *Treacy* letter.

On August 26, 2015, respondent was served with a Notice to Appear before ODC to answer questions on the record. Respondent was also served with a subpoena that required him to bring trust account records maintained pursuant to Rule 417, SCACR, to the August 26, 2015 appearance. Respondent appeared before ODC and gave testimony on the record, but he failed to produce the trust account records. Respondent was provided an additional ten (10) days to submit the trust account records, but he failed to do so.

## Matter III

ODC received a December 15, 2015, notice from Wells Fargo Bank indicating an overdrawn item on respondent's trust account. The bank had processed a transaction for check reorders in the amount of $189.15 when respondent's trust account had a balance of only $100.00. The transaction resulted in respondent's account being overdrawn in the amount of $89.15. According to the bank, the charge was a drafted payment that was not initiated by respondent and was promptly refunded the following day.

In connection with the investigation by ODC, respondent was asked to provide a complete copy of his trust account reconciliation. Respondent failed to provide the requested reconciliation.

## Matter IV

On February 2, 2016, the Court placed respondent on interim suspension and appointed Peyre T. Lumpkin, Esquire, as Receiver to protect the interests of respondent's clients. The Receiver discovered that respondent withdrew $6,000 from his IOLTA account at Wells Fargo Bank on February 3, 2016, in spite of notice of the Court's order placing him on interim suspension. Respondent admits that he received a telephone call from the Supreme Court's Clerk of Court's office regarding the interim suspension on February 2, 2016. He represented he did not recall being told that he could not access his trust account as he was in shock at the notice he was being suspended.[2] Respondent provided verification that the funds withdrawn from the account represented his earned fees that had not been withdrawn prior to his interim suspension.

As of February 2, 2016, the balance in respondent's trust account was $25,524.85 which represented settlement funds for one client and $100 that belonged to respondent. The $6,000 respondent removed from the trust account on February 3, 2016 represented a portion of respondent's fees from the settlement.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall promptly inform client of any decision or circumstance with respect to which client's informed consent is required, reasonably consult with client about means by which client's objectives are to be accomplished, keep client reasonably informed about status of matter, and promptly comply with reasonable

---

**2.** The records of this Court reflect that, during a telephone conversation with respondent on February 2, 2016, a member of the Clerk's staff read the entire interim suspension order to respondent, including the language in the order stating the order "serve[s] as an injunction to prevent respondent from making any withdrawals from" his trust accounts, escrow accounts, operating accounts and any other law office accounts that he may maintain.

requests for information); Rule 1.15(a) (lawyer shall hold property of client in connection with representation separate from lawyer's own property; lawyer shall comply with Rule 417, SCACR); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 3.4(c) (lawyer shall not knowingly disobey obligation under rules of tribunal); Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). In addition, respondent admits that he has violated Rule 417, SCACR.

Respondent further admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rules 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a definite suspension from the practice of law in this state for one (1) year, retroactively to the date of his interim suspension.[3] Within thirty (30) days, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission). In addition, respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School within one (1) year of the date of this opinion and provide proof of completion to the Commission no later than ten (10) days after the conclusion of each program.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.

---

**3.** Respondent's disciplinary history includes letters of caution issued in 2005 and 2008 and an admonition issued in 2011. *See* Rule 2(r), RLDE; Rule 7(b)(4), RLDE.